GARDEN, JUDGE:
Claimant Cochran Electric Company, hereinafter referred to as the contractor, entered into a contract on April 3, 1972, with the respondent for the installation of vehicular and pedestrian traffic lights in the downtown section of Wheeling, West Virginia. There were approximately twelve intersections involved in the contract which required the installation of new poles to support overhead traffic signals. For the pedestrian lights, the contractor was to use the. existing concrete bases for the support poles. These poles had anchor bolts *207 over which the poles were to fit. The contractor ordered all of the materials for completion of the contract except for anchor bolts which generally may be purchased as off-the-shelf items. However, the anchor bolts were not delivered until October 1972, which delayed the contractor in beginning construction by 26 days. The traffic poles were delivered to the job site in December 1972. The contractor contends that the anchor bolts were a necessary item before it could begin the excavation and construction of the concrete bases for the traffic poles. Construction began when the anchor bolts were received in October. The project was not completed until November 15, 1973. The respondent calculated the project time from June 19, 1972, and, after granting time for proper delays, established a completion date of July 12, 1973. The respondent then assessed the contractor 104 days in liquidated damage at $100.00 per day in the amount of $10,400.00 for failing to complete the project until November 15, 1973. The contractor alleges that the assessment of liquidated damages was unjustified and requests an award in that amount. The contractor also alleges that the delay caused extra costs to be incurred in the amount of $2,100.00.
The respondent contends that in accordance with the specifications of the contract, the contractor is responsible for all materials on the project, and, if the contractor is delayed by reason of its failure to receive the materials necessary for the project, the respondent is entitled to liquidated damages under the contract for the delay. The respondent also contends that the extra labor or materials claimed are included in the contract, and are the responsibility of the contractor, with which the Court agrees.
The contractor contemplated the delivery of the materials in July and so informed the respondent at a pre-construction conference on May 18, 1972. Construction was to commence in June 1972 for site preparation. The first delay occurred when the anchor bolts for the traffic poles were not delivered until October 4, 1972. The poles for the traffic signals were *208 not delivered by the supplier until December 1972. The contractor claims that the respondent contributed to the delay in delivery as the items were not approved and green-tagged by the respondent at the site of the supplier in a timely manner.
The question to be considered herein is the propriety of the assessment of 104 days of liquidated damages. The contract provided for a completion date of May 31, 1973. The respondent extended this date to July 12, 1973. The contractor completed the contract on November 15, 1973, and was assessed liquidated damages for the time from July 12 through November 15.
The Court has determined that an assessment of 26 days or $2,600.00 is a fair and reasonable assessment by the respondent for the delay attributed to the late start by the contractor. However, the imposition of the additional 78 days is unreasonable. The general rule for assessment of liquidated damages is found in 22 Am. Jur. 2d “Damages”, §233, p. 319 as follows:
“The plaintiff cannot recover liquidated damages for a breach for which he is himself responsible or to which he has contributed, and as a rule there can be no apportionment of liquidated damages where both parties are at fault. Hence, if the parties are mutually responsible for the delays, because of which the date fixed by the contract for completion is passed, the obligation under which another date can be substituted, cannot be revived.”
The delay by the respondent in approving the materials through the “green tag” process contributed to the delay, and the record fails to establish that the respondent sustained any damage by reason of the delay. See Whitmyer Bros., Inc. v. Dept. of Highways, 12 Ct.Cl. 9 (1977) and Vecellio & Grogan, Inc. v. Dept. of Highways, 12 Ct.Cl. 294 (1979).
The Court therefore makes an award to the contractor in the amount of $7,800.00.
Award of $7,800.00.